IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIO SIMUEL, | * | |
| Petitioner | * | |
| v. | * | Criminal No. RDB-03-0483 |
| UNITED STATES OF AMERICA, | * | Civil Action No. RDB-16-2432 |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The *pro se* Petitioner Mario Simuel ("Petitioner" or "Simuel") pled guilty before Judge Benson Legg[1] of this Court to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) and (f),. At sentencing, Judge Legg found that Simuel was a "career offender" under Section 4B1.1 of the United States Sentencing Guildelines, on the basis of a prior "crime of violence" (bank robbery) and a prior felony "controlled substance offense." *See* Mot., p. 4, ECF No. 290. Judge Legg sentenced Simuel to 235 months imprisonment, followed by three years on supervised release. On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the Judgment of this Court. *See United States v. Simuel*, 180 F. App'x 431, 432 (4th Cir. 2006).

Subsequently, Simuel filed his first *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 223). Via Memorandum Opinion and Order dated March 31, 2009 (ECF Nos. 253 & 254), Judge Legg denied that Motion. Simuel

---

[1] This case was initially assigned to Judge Benson E. Legg of this Court, but has subsequently been re-assigned to the undersigned Judge Richard D. Bennett. *See* Docket Entry, 06/29/2016.

1

did not appeal Judge Legg's Order, but has now filed a second *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 290), arguing that neither his offense of conviction nor his predicate bank robbery conviction constitutes a "crime of violence" under Section 4B1.2 of the United States Sentencing Guidelines in light of the United States Supreme Court's intervening decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Also pending before this Court is Simuel's Motion to Stay Proceedings (ECF No. 291), pending the ruling of the United States Court of Appeals for the Fourth Circuit on his motion for authorization to file this successive Section 2255 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive Section 2255 petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2); *see also* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Via Order dated July 29, 2016 (ECF No. 292), the United States Court of Appeals for the Fourth Circuit has now denied Simuel's motion for authorization. The Fourth Circuit held that "Simuel [had] fail[ed] to make the prima facie showing necessary to receive the requested authorization . . . [because] Johnson [did] not call into question [his] status as a career offender . . . [and] [his] offense level for his offenses of conviction exceeded the career offender offense level set forth under U.S. Sentencing Guidelines Manual § 4B1.1

2

(2012)."[2] The Fourth Circuit's decision is not reviewable. *See* 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable . . . ."). Accordingly, this Court lacks jurisdiction to consider the pending Motion to Vacate.

## CONCLUSION

For these reasons, Petitioner Simuel's Motion to Stay Proceedings (ECF No. 291) is now MOOT, and his second *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 290) is DISMISSED.

Pursuant to 28 U.S.C. § 2253 and Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, a court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant. A Certificate of Appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). The United States Court of Appeals for the Fourth Circuit has held in *Jones v. Braxton*, 392 F.3d 683, 688 (4th Cir. 2004) that "an order dismissing a habeas petition without prejudice on the grounds that it is an unauthorized successive petition constitutes 'the final order in a habeas proceeding' within the meaning of 28 U.S.C. § 2253(c)(1)(A), and thus that the certificate of appealability requirement of that section applies to any appeal from such an order." The United States Supreme Court has held in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

---

[2] The Supreme Court of the United States has since held in *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), that the *Johnson* decision does not apply to the career offender provisions of the United States Sentencing Guidelines.

3

constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Because reasonable jurists would not find debatable whether this Court's ruling was correct, a Certificate of Appealability is DENIED.

A separate Order follows.

Dated: May 24, 2017

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge